Frances GARCIA, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 06–17310.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2008.

Filed Sept. 8, 2008.

Eric G. Slepian, Esquire, Slepian Law Office, Phoenix, AZ, for Plaintiff–Appellant.

Mary Patricia Parnow, Esquire, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior    United States Circuit Judge for the Sixth Cir-

## MEMORANDUM **

Plaintiff Frances Garcia appeals the decision of the United States District Court for the District of Arizona remanding her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, for further proceedings. We affirm the decision of the district court.

Garcia applied for social security benefits in 2000. Three times the Administrative Law Judge ("ALJ") denied Garcia's application, and the Appeals Council vacated and remanded the case for further proceedings each time. In the fourth hearing in 2005, the ALJ again denied Garcia's application, and the Appeals Council denied her request for review. Garcia then filed an action in the district court seeking reversal of the ALJ's decision and a remand with directions for an award of benefits. The district court remanded the case for further consideration of Garcia's ability to perform other work.

■ The district court did not abuse its discretion by determining that further proceedings would prove useful and would not simply delay the award of benefits. In remanding for further proceedings, it noted inconsistencies in the ALJ's decision regarding Garcia's ability to do other work and therefore refused to affirm that conclusion. The district court determined that Garcia's Residual Functional Capacity ("RFC") is inconsistent with the definition of light work and is more consistent with the lowest exertional level, sedentary work. See 20 C.F.R. § 404.1567(a) (defining sedentary work). Additional proceedings, far from merely delaying an inevitable receipt of benefits, are necessary to allow an ALJ to determine the availability

cuit, sitting by designation.

of significant work compatible with Garcia's RFC.

The ALJ cannot determine whether Garcia is disabled without determining her ability to complete "substantial gainful work." See 20 C.F.R. § 404.1505(a) (defining "disability" as including inability to do substantial gainful work). Adjudication and resolution of these issues are best left to the ALJ.

■ Although we are affirming the district court's remand order, this case has had a long and tangled procedural history and the delay in reaching a resolution does not reflect well on the system. The nature of the remaining issue suggests that mediation may be the most appropriate means of resolving the dispute. Counsel for the parties are directed to confer and, within ten days of the filing date of this disposition, advise the clerk's office of the Court whether the parties agree to submit the matter to a Ninth Circuit mediator. If not, then the mandate will issue forthwith.

AFFIRMED. **The mandate shall not issue until notice from this Court.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.